FILED

2014 JAN -9  PH 3: 30

CLE... ....
CEN...AL E.ST. ...T C..RT
SANTA ANA

BY_____

1 | ANTHONY J. ORSHANSKY, Cal. Bar No. 199364
2 | anthony@counselonegroup.com
  | JUSTIN KACHADOORIAN, Cal. Bar No. 260356
3 | justin@counselonegroup.com
  | **COUNSELONE, P.C.**
4 | 9301 Wilshire Boulevard, Suite 650
5 | Beverly Hills, California 90210
6 | Telephone: (310) 277-9945
  | Facsimile: (424) 277-3727
7 |
8 | **KAZEROUNI LAW GROUP, APC**
  | Abbas Kazerounian, Esq. (SBN: 249203)
9 | ak@kazlg.com
10 | 245 Fischer Avenue, Unit D1
  | Costa Mesa, CA 92626
11 | Telephone: (800) 400-6808
12 | Facsimile: (800) 520-5523
13 | [Other Plaintiff's Counsel on signature page]
14 | Attorneys for Plaintiff
15 | AYMAN MOUSA, on behalf of himself and others
  | similarly situated
16 |
17 | **UNITED STATES DISTRICT COURT**
  | **CENTRAL DISTRICT OF CALIFORNIA**
18 |
19 | AYMAN MOUSA, on behalf of himself )  Case No. **SACV14-00037 DOC (ANx)**
  | and all others similarly situated,       )
20 |                                          )  **CLASS ACTION COMPLAINT**
  |                        Plaintiffs,       )  1. VIOLATION OF CALIFORNIA
21 |                                          )     UNFAIR COMPETITION LAW
22 |                    v.                    )  2. NEGLIGENCE
  |                                          )  3. NEGLIGENCE PER SE
23 | TARGET CORPORATION,                      )  4. CONVERSION
  |                                          )  5. INVASION OF PRIVACY
24 |                        Defendant.        )  6. VIOLATION OF CALIFORNIA
  |                                          )     DATA BREACH ACT
25 |                                          )  7. BAILMENT
26 |                                          )
  |                                          )  **DEMAND FOR JURY TRIAL**
27 | _____         )
28 |

CLASS ACTION COMPLAINT

**INTRODUCTION**

1.    AYMAN MOUSA ("PLAINTIFF") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of TARGET CORPORATION ("DEFENDANT") and its related entities, subsidiaries and agents, in failing to secure and protect its customers' personal information ("INFORMATION") provided to DEFENDANT, which encompasses e-mail addresses, passwords, credit and debit card numbers, expiration dates, and mailing and billing addresses, in accordance with both industry security standards and DEFENDANT'S own security standards, which have long been deprecated by industry experts as being substandard. PLAINTIFF alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2.    On or about December 19, 2013, DEFENDANT made public its largest and most wide-reaching security breach to date.   DEFENDANT revealed that hackers had succeeded in gaining access to forty (40) million credit card records, debit card records, and other personal financial information for many of DEFENDANT'S customers. Said breach, which was caused by DEFENDANT'S failure to employ adequate security standards with respect to the handling of its customers' INFORMATION, has resulted in PLAINTIFF and members of the Class (as defined below) having their INFORMATION compromised and their finances placed in jeopardy.

**JURISDICTION AND VENUE**

3.    Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because the claims of the individual class members, when aggregated among a proposed class numbering in the millions, exceeds the $5,000,000 threshold for federal court jurisdiction. Further, PLAINTIFF alleges a national class, which will result in at least one class member belonging to a different state than that of DEFENDANT.

1

1   Therefore, both elements of diversity jurisdiction under the Class Action Fairness
2   Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3          4.    Venue is proper in the United States District Court for the Central
4   District of California pursuant to 28 U.S.C. § 1391(b) and 1441(a) because the
5   events giving rise to PLAINTIFF'S causes of action against DEFENDANT occurred
6   within the State of California and the County of Orange, as PLAINTIFF resides in
7   Ladera Ranch, California and within this judicial district.

8                                   **PARTIES**

9          5.    PLAINTIFF is, and at all times mentioned herein was, an individual
10  citizen and resident of the County of Orange, State of California.

11         6.    PLAINTIFF is informed and believes, and thereon alleges, that
12  DEFENDANT is, and at all times mentioned herein was, a corporation incorporated
13  in the State of Minnesota, with its principal place of business in the City of
14  Minneapolis, State of Minnesota.

15         7.    PLAINTIFF is informed and believes, and thereon alleges, that at all
16  times relevant DEFENDANT conducted business in the State of California.

17                            **FACTUAL ALLEGATIONS**

18         8.    DEFENDANT is a nationwide retailer ranked 36th on the Fortune 500
19  list.

20         9.    PLAINTIFF is a regular shopper at Target stores, and used his debit
21  card at a Target store multiple times in this Judicial District between November 27
22  and December 15, 2013.

23         10.   Between November 27, 2013 and December 15, 2013, computer
24  hackers broke into DEFENDANT'S network that contained its customers' personal
25  financial information, including credit card and debit card information.

26         11.   The data breach affected approximately forty (40) million credit and
27  debit cards swiped in U.S. TARGET stores between November 27 and December
28  15, 2013.

2

12.     News of the security breach was first published on or about December 18, 2013, by Brian Krebs, at http://krebsonsecurity.com/2013/12/sources-target-investigating-data-breach. Mr. Krebs' website reported this breach before DEFENDANT first notified its customers of such breach.

13.     As to the breach, Mr. Krebs' website explained: "The type of data stolen — also known as 'track data' — allows crooks to create counterfeit cards by encoding the information onto any card with a magnetic stripe. If the thieves also were able to intercept PIN data for debit transactions, they would theoretically be able to reproduce stolen debit cards and use them to withdraw cash from ATMs."[1]

14.     According to Krebs' article, "the thieves may also have accessed PIN numbers for affected customers' debit cards, allowing the thieves to withdraw money from those customers' bank accounts."[2]

15.     Subsequently, multiple news sources detailed the breach on or about December 19, 2013.

16.     As multiple sources began reporting news of the breach, DEFENDANT issued a statement regarding the breach generally; however, this initial statement did not put impacted customers on notice as to breaches specific to them.

17.     DEFENDANT'S first statement was merely set forth on its corporate website, as opposed to the consumer website where customers shop; this was done on December 19, 2013.

18.     The initial statement by DEFENDANT essentially confirmed "that the information compromised as a result of the breach included customer names, credit or debit card numbers and their expiration dates, and the three-digit CVV security codes for such credit and debit cards."[3]

19.     DEFENDANT did not notify PLAINTIFF of the security breach until December 20, 2013, by e-mail, wherein DEFENDANT merely regurgitated its

---

[1] http://krebsonsecurity.com/2013/12/sources-target-investigating-data-breach/
[2] Id.
[3] https://corporate.target.com/discover/article/Important-Notice-Unauthorized-access-to-payment-ca

3

CLASS ACTION COMPLAINT

1 statement from December 19, 2013, on its website; thus, DEFENDANT did not
2 directly notify PLAINTIFF of the breach until the day after it posted its first
3 statement on its website.

4    20.    DEFENDANT sent PLAINTIFF a subsequent notice regarding the
5 breach on or about December 21, 2013, a day after the second notice was posted on
6 DEFENDANT'S corporate website.

7    21.    Hackers could not have accessed this information and installed the
8 software on DEFENDANT'S point-of-sale machines but for DEFENDANT'S
9 negligence.

10    22.    DEFENDANT failed to implement and maintain reasonable security
11 procedures and practices appropriate to the nature and scope of the information
12 compromised in the data breach.

13    23.    DEFENDANT knew or should have known that its systems for
14 processing and/or storing customers' debit and credit card information were not
15 secure and left the INFORMATION of PLAINTIFF and other members of the Class
16 vulnerable to theft.

17    24.    DEFENDANT recklessly, or as a matter of gross negligence, failed to
18 provide reasonable and adequate security measures to ensure that the personal
19 financial information of its customers would not be compromised.

20    25.    Additionally, DEFENDANT failed to notify PLAINTIFF and the other
21 members of the Class in a timely manner of the security breach, as required by law.

22    26.    PLAINTIFF and the members of the Class have all suffered irreparable
23 harm and monetary damages as a result of DEFENDANT'S unlawful and wrongful
24 conduct heretofore described.

25    27.    The compromised INFORMATION, including PLAINTIFF'S, is "as
26 good as gold" to identity thieves, per the view of the Federal Trade Commission
27 ("FTC").[4] According to the FTC, identity theft occurs when someone uses another's

28

---

[4] FTC, *About Identity Theft,* available at
http://www.ftc.gov/bcp/edu/microsites/idtheft/consumers/about-identitytheft.html (last accessed

CLASS ACTION COMPLAINT

1  personal identifying information, such as that person's name, address, credit card

2  number, credit card expiration dates, and other information, without permission, to

3  commit fraud or other crimes.[5] The FTC estimates that as many as 9 million

4  Americans have their identities stolen each year.[6]

5     28.   Identity thieves can use identifying data to open new financial accounts

6  and incur charges in another person's name, take out loans in another person's name,

7  incur charges on existing accounts, or clone ATM, debit, or credit cards.[7]

8     29.   Identity thieves can use personal information such as that pertaining to

9  the Class, which DEFENDANT failed to keep secure, to perpetrate a variety of

10 crimes that do not cause financial loss but nonetheless harm the victims.

11                    **CLASS ACTION ALLEGATIONS**

12    30.   PLAINTIFF brings this action on behalf of himself and on behalf of all

13 others similarly situated ("the Class").

14    31.   PLAINTIFF represents, and is a member of, the Class, consisting of:

15

16       All persons within the United States who used a debit or
         credit card at DEFENDANT'S stores nationwide and
17       whose personal and/or financial information was
         compromised between November 27, 2013, and December
18       15, 2013.

19

20    32.   DEFENDANT and its employees or agents are excluded from the

21 Class.   PLAINTIFF does not know the number of members in the Class, but

22 believes the Class members number in the millions, if not more.   Thus, this matter

23 should be certified as a Class action to assist in the expeditious litigation of this

24 matter.

25    33.   PLAINTIFF and members of the Class were harmed by the acts and

26 omissions of DEFENDANT in at least the following ways:   PLAINTIFF and

27 Jan. 6, 2014).

[5] Id.

28 [6] Id.

[7] Id.

                          5

                CLASS ACTION COMPLAINT

1 members of the Class have lost money or property as a result of DEFENDANT'S

2 negligence and concealments.

3    34.    PLAINTIFF reserves the right to amend or modify the class description

4 with greater particularity or further division into subclasses or limitation to

5 particular issues.

6    35.    The joinder of the Class members is impractical and the disposition of

7 their claims in the Class action will provide substantial benefits both to the parties

8 and to the court. The Class can be identified through DEFENDANT'S records or

9 DEFENDANT'S agents' records.

10    36.    There is a well-defined community of interest in the questions of law

11 and fact involved affecting the parties to be represented. The questions of law and

12 fact pertaining to the Class predominate over questions which may affect individual

13 Class members, including *inter alia*:

a. Whether DEFENDANT unlawfully used, maintained, lost or disclosed Class members' personal and/or financial information;

b. Whether DEFENDANT unreasonably delayed in notifying affected customers of the data breach;

c. Whether DEFENDANT failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the data breach;

d. Whether DEFENDANT violated the requirements of California Civil Code Section 1798.80 *et seq.*;

e. Whether DEFENDANT'S conduct violated the California Business & Professions Code § 17200, *et seq.*;

f. Whether DEFENDANT'S conduct was negligent;

g. Whether DEFENDANT acted willfully and/or with oppression, fraud, or malice;

6

CLASS ACTION COMPLAINT

h.  Whether DEFENDANT'S conduct constituted Intrusion;

i.  Whether DEFENDANT'S conduct constituted Public Disclosure of Private Facts;

j.  Whether DEFENDANT'S conduct violated Class members' California Constitutional Right to Privacy;

k.  Whether DEFENDANT'S conduct constituted Bailment;

l.  Whether DEFENDANT'S conduct constituted Conversion; and

m. Whether PLAINTIFF and the Class are entitled to damages, civil penalties, punitive damages, and/or injunctive relief.

37.     As a person whose personal information was compromised as a result of DEFENDANT'S wrongful conduct as herein alleged, PLAINTIFF is asserting claims that are typical of the Class.  PLAINTIFF will fairly and adequately represent and protect the interests of the Class in that PLAINTIFF has no interests antagonistic to any member of the Class.

38.     PLAINTIFF and the members of the Class have all suffered irreparable harm as a result of the DEFENDANT'S unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

39.     PLAINTIFF has retained counsel experienced in handling class action lawsuits.

40.     A class action is a superior method for the fair and efficient adjudication of this controversy.   The interest of Class members in individually controlling the prosecution of separate claims against DEFENDANT is small. Management of these claims is likely to present significantly fewer difficulties than

CLASS ACTION COMPLAINT

1  those presented in many class claims. Litigating this case as a class action will

2  reduce the possibility of repetitious litigation relating to DEFENDANT'S conduct.

3        41.    DEFENDANT has acted on grounds generally applicable to the Class,

4  thereby making appropriate final injunctive relief and corresponding declaratory

5  relief with respect to the Class as a whole.

6                          **FIRST CAUSE OF ACTION**

7            **UNLAWFUL, UNFAIR, AND FRAUDULENT BUSINESS**

8        **PRACTICES UNDER CALIFORNIA BUSINESS AND PROFESSIONS**

9                          **CODE § 17200,** *et seq.*

10       42.    PLAINTIFF incorporates by reference all of the above paragraphs of

11  this Complaint as though fully stated herein.

12       43.    DEFENDANT'S failure to disclose information concerning the data

13  breach directly and promptly to affected customers, constitutes a fraudulent act or

14  practice in violation of California Business & Professions Code section 17200 *et*

15  *seq.*

16       44.    DEFENDANT'S acts, practices, and omissions detailed above

17  constitute unlawful, unfair and/or fraudulent business practices and acts, within the

18  meaning of California Business & Professions Code § 17200 et seq.

19       45.    DEFENDANT'S acts, practices, and omissions detailed above

20  constitute fraudulent practices in that they are likely to deceive a reasonable

21  consumer in that PLAINTIFF and Class members were induced to shop at Target

22  stores and pay for merchandise using credit or debit cards based on the

23  understanding, whether explicit or implied, that DEFENDANT had implemented

24  appropriate security protocols and that, in the event of a loss or breach,

25  DEFENDANT would promptly notify affected customers.

26       46.    DEFENDANT'S acts, practices, and omissions detailed above,

27  constitute unlawful practices and/or acts as they constitute violations of numerous

28

CLASS ACTION COMPLAINT

1  provisions of California law, including but not limited to Cal. Civ. Code § 1798.80
2  *et seq.* and the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*

3      47.    DEFENDANT has committed all of the aforesaid acts of infringement
4  deliberately, willfully, maliciously and oppressively, without regard to PLAINTIFF
5  and Class members' legal rights.   As a direct and proximate result of
6  DEFENDANT'S unlawful, unfair and fraudulent business practices as alleged
7  herein, PLAINTIFF and Class members have suffered injury in fact and lost money
8  and property, including but not limited to unreimbursed losses stemming from
9  identity theft as well as unreimbursed expenses and/or time spent on credit-
10  monitoring and identity theft insurance; time spent scrutinizing bank statements,
11  credit-card statements, and credit reports; missed wages; late payments on bills;
12  overdraft charges; expenses and/or time spent initiating fraud alerts; and the
13  diminished value of the services they received.  PLAINTIFF and members of the
14  Class have suffered and will continue to suffer other forms of injury and/or harm
15  including, but not limited to, anxiety, emotional distress, loss of privacy, and other
16  economic and non-economic losses.

17      48.    Pursuant to California Business & Professions Code § 17203,
18  PLAINTIFF seeks an order of this Court prohibiting DEFENDANT from engaging
19  in the unlawful, unfair, or fraudulent business acts or practices set forth in this
20  Complaint and/or ordering DEFENDANT to perform its obligations under the law.

21

22                    **SECOND CAUSE OF ACTION**
23                         **NEGLIGENCE**

24      49.    PLAINTIFF incorporates by reference all of the above paragraphs of
25  this Complaint as though fully stated herein.

26      50.    DEFENDANT came into possession of the INFORMATION of
27  PLAINTIFF and other Class members and thus had a duty to exercise reasonable
28  care in safeguarding and protecting such INFORMATION from being

                                    9

1  compromised, lost, stolen, misused, and/or disclosed to unauthorized parties.

2      51.   Moreover, DEFENDANT had a duty to timely disclose that the
3  INFORMATION of PLAINTIFF and Class members that was within its possession
4  had been compromised.

5      52.   DEFENDANT had a duty to have procedures in place to detect and
6  prevent the loss or unauthorized dissemination of said INFORMATION.

7      53.   DEFENDANT, through its actions and/or omissions, unlawfully
8  breached its duty to PLAINTIFF and Class members by failing to exercise
9  reasonable care in protecting and safeguarding said INFORMATION within its
10 possession.

11     54.   DEFENDANT, through its actions and/or omissions, unlawfully
12 breached its duty to PLAINTIFF and Class members to exercise reasonable care by
13 failing to have appropriate procedures in place to detect and prevent dissemination
14 of PLAINTIFF'S and other Class members' INFORMATION.

15     55.   DEFENDANT, through its actions and/or omissions, unlawfully
16 breached its duty to timely disclose to PLAINTIFF and the Class members the fact
17 that their INFORMATION had been compromised.

18     56.   DEFENDANT'S negligent and wrongful breach of its duties owed to
19 PLAINTIFF and the Class proximately caused PLAINTIFF and Class members'
20 INFORMATION to be compromised.

21     57.   As a direct and proximate cause of DEFENDANT'S failure to exercise
22 reasonable care and use commercially reasonable security measures its databases
23 were accessed without authorization and customers' INFORMATION was
24 compromised and exposed to unauthorized access.

25     58.   As a further direct and proximate cause of DEFENDANT'S failure to
26 exercise reasonable care as described herein, PLAINTIFF and Class members have
27 suffered economic and non-economic damages as described above and prayed for
28 below in an amount according to proof at trial.  PLAINTIFF is informed and

10

1 believes and based thereupon alleges that DEFENDANT will continue to
2 negligently fail to adequately protect the INFORMATION of PLAINTIFF and other
3 customers. As a result of DEFENDANT'S conduct PLAINTIFF seeks declaratory
4 and injunctive relief, restitution, and compensatory and punitive damages.

5     59. In failing to secure PLAINTIFF'S and Class members'
6 INFORMATION and promptly notify them of a data breach or loss, as alleged
7 above, DEFENDANT was guilty of oppression, fraud, or malice, in that
8 DEFENDANT acted or failed to act with a willful and conscious disregard of
9 PLAINTIFF'S and Class members' rights. PLAINTIFF therefore seeks an award of
10 damages, including punitive damages, in an amount to be proven at trial, on behalf
11 of himself and the Class.

12                **THIRD CAUSE OF ACTION**
13                **NEGLIGENCE PER SE**

14     60. PLAINTIFF incorporates by reference all of the above paragraphs of
15 this Complaint as though fully stated herein.

16     61. As herein, DEFENDANT violated various statutes, including
17 California Civil Code §§ 1798.80 et seq., which requires a business that licenses,
18 owns, or maintains INFORMATION to give prompt notification to persons
19 potentially affected by a security breach.

20     62. This statute was intended to protect customers' information from
21 unauthorized disclosure and to ensure prompt notification of any such unauthorized,
22 unlawful disclosure.

23     63. As a direct and proximate cause of DEFENDANT'S violation of the
24 foregoing statutes, PLAINTIFF and other consumers have suffered injury, including
25 actual identity theft. Moreover, PLAINTIFF and Class members suffered and will
26 continue to suffer actual damages including, but not limited to, expenses and/or time
27 spent on credit-monitoring and identity theft insurance; time spent scrutinizing bank
28 statements, credit-card statements, and credit reports; missed wages; late payments

1    on bills; overdraft charges; expenses and/or time spent initiating fraud alerts; and the
2    diminished value of the services they received. PLAINTIFF and members of the
3    Class have suffered and will continue to suffer other forms of injury and/or harm
4    including, but not limited to, anxiety, emotional distress, loss of privacy, and other
5    economic and non-economic losses.

6          64.    By engaging in the negligent conduct as alleged above, DEFENDANT
7    was guilty of oppression, fraud, or malice, in that DEFENDANT acted or failed to
8    act with a willful and conscious disregard of PLAINTIFF'S and Class members'
9    rights.   PLAINTIFF therefore seeks an award of damages, including punitive
10   damages, in an amount to be proven at trial, on behalf of himself and the Class.

11                        **FOURTH CAUSE OF ACTION**
12                             **CONVERSION**

13         65.    PLAINTIFF incorporates by reference all of the above paragraphs of
14   this Complaint as though fully stated herein.

15         66.    Plaintiff and Class members were the owners and possessors of their
16   INFORMATION.   As   the   result   of   DEFENDANT'S   wrongful   conduct,
17   DEFENDANT has interfered with the PLAINTIFF'S and Class members' rights to
18   possess and control such property, to which they had a superior right of possession
19   and control at the time of conversion.

20         67.    As a direct and proximate result of DEFENDANT'S conduct,
21   PLAINTIFF and the Class members suffered injury, damage, loss or harm and
22   therefore seek compensatory damages.

23         68.    Plaintiff and the Class members did not consent to DEFENDANT'S
24   mishandling and loss of their INFORMATION.

25         69.    In converting the INFORMATION of PLAINTIFF and Class members,
26   DEFENDANT has acted with malice, oppression and in conscious disregard of the
27   PLAINTIFF'S and Class members' rights. PLAINTIFF, therefore, seeks an award
28   of punitive damages on behalf of the Class.

---

CLASS ACTION COMPLAINT

1

2                              FIFTH CAUSE OF ACTION

3                              INVASION OF PRIVACY

4          70.   PLAINTIFF incorporates by reference all of the above paragraphs of

5    this Complaint as though fully stated herein.

6          71.   The INFORMATION of PLAINTIFF and other consumers of

7    DEFENDANT was and continues to be private information. PLAINTIFF and each

8    member of the Class had a legally protected informational privacy interest in the

9    confidential and sensitive information that DEFENDANT obtained and unlawfully

10   disseminated.

11         72.   PLAINTIFF and other members of the Class had a legally protected

12   autonomy privacy interest regarding their INFORMATION without unwanted

13   observation, intrusion, or interference.

14         73.   PLAINTIFF and members of the Class reasonably expected that their

15   confidential and sensitive information would be kept private.

16         74.   DEFENDANT'S failure to secure and protect PLAINTIFF'S and other

17   customers' INFORMATION resulted in the public disclosure and publication of

18   such private information to third parties, including but not limited to hackers.

19         75.   Dissemination   of   PLAINTIFF'S   and   other   consumers'

20   INFORMATION is not of a legitimate public concern; publicity of their

21   INFORMATION would be, is, and will continue to be offensive to PLAINTIFF,

22   putative class members, and other reasonable people.

23         76.   DEFENDANT'S wrongful actions and/or inaction as described above

24   constituted and continue to constitute a serious invasion of the privacy of

25   PLAINTIFF and other consumers by publicly disclosing private facts (*i.e.*, their

26   INFORMATION).

27         77.   PLAINTIFF and other consumers were and continue to be damaged as

28   a direct and/or proximate result of DEFENDANT'S invasion of their privacy by

                                         13

                              CLASS ACTION COMPLAINT

1  publicly disclosing their private facts (*i.e.*, their INFORMATION) in the form of,

2  *inter alia*, actual monetary losses, expenses for credit-monitoring and identity-theft

3  insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and

4  other economic and non-economic harm, for which they are entitled to

5  compensation.

6       78.  In violating the privacy of PLAINTIFF and Class members as alleged

7  above, DEFENDANT was guilty of oppression, fraud, or malice, in that

8  DEFENDANT acted or failed to act with a willful and conscious disregard of

9  PLAINTIFF'S and Class members' rights. PLAINTIFF therefore seeks an award of

10  damages, including punitive damages, in an amount to be proven at trial, on behalf

11  of himself and the Class.

12

13  **SIXTH CAUSE OF ACTION**

14  **VIOLATION OF THE CALIFORNIA DATA BREACH ACT, CAL**

15  **CIV. CODE § 1798.80, *et seq.***

16       79.  PLAINTIFF incorporates by reference all of the above paragraphs of

17  this Complaint as though fully stated herein.

18       80.  The data breach constituted a "breach of the security system" of

19  DEFENDANT pursuant to California Civil Code § 1798.82(g).

20       81.  DEFENDANT recklessly, or as a matter of gross negligence, failed to

21  provide reasonable and adequate security measures.

22       82.  DEFENDANT unreasonably delayed informing PLAINTIFF and

23  members of the Class about the security breach of the Class members'

24  INFORMATION after DEFENDANT knew of the breach.

25       83.  DEFENDANT failed to disclose to PLAINTIFF and members of the

26  Class, in the most expedient time possible, the breach of security of their

27  INFORMATION after DEFENDANT knew of the breach.

28       84.  As a result of DEFENDANT'S violation of California Civil Code §

CLASS ACTION COMPLAINT

1798.82, PLAINTIFF and members of the Class suffered economic and non-economic damages, as alleged above.

85.   PLAINTIFF, individually and on behalf of the members of the Class, seeks all remedies available under California Civil Code § 1798.84.

86.   PLAINTIFF, individually and on behalf of the members of the Class, also seeks reasonable attorneys' fees and costs under California Civil Code § 1798.84(g).

87.   By violating California Civil Code § 1798.80 *et seq.* as alleged above, DEFENDANT was guilty of oppression, fraud, or malice, in that DEFENDANT acted or failed to act with a willful and conscious disregard of PLAINTIFF'S and Class members' rights.   PLAINTIFF therefore seeks an award of damages, including punitive damages, in an amount to be proven at trial, on behalf of himself and the Class.

## SEVENTH CAUSE OF ACTION

## BAILMENT

88.   PLAINTIFF incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

89.   PLAINTIFF and the Class members delivered and entrusted their INFORMATION to DEFENDANT for the sole purpose of receiving services from DEFENDANT.

90.   During the time of bailment, DEFENDANT owed PLAINTIFF and the Class members a duty to safeguard this information properly and maintain reasonable security procedures and practices to protect such information. DEFENDANT breached this duty.

91.   As a result of these breaches of duty, PLAINTIFF and the Class members have suffered harm, as alleged above.

92.   PLAINTIFF seeks actual damages on behalf of the Class.

15

93.    Moreover, DEFENDANT, by and through the conduct alleged above, was guilty of oppression, fraud, or malice, in that DEFENDANT acted or failed to act with a willful and conscious disregard of PLAINTIFF'S and Class members' rights.    PLAINTIFF therefore seeks an award of damages, including punitive damages, in an amount to be proven at trial, on behalf of himself and the Class.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully requests that the Court grant PLAINTIFF and the Class members the following relief against DEFENDANT:

    a.  An order certifying the proposed class and appointing PLAINTIFF and PLAINTIFF'S counsel to represent the Class;

    b.  Injunctive relief prohibiting DEFENDANT from engaging in such conduct as alleged herein in the future;

    c.  Actual, statutory and/or punitive damages;

    d.  Restitution, or any other equitable relief the Court may deem just and proper;

    e.  Pre-judgment and post-judgment interest;

    f.  Reasonable attorneys' fees and costs of the suit, including expert witness fees; and

    g.  Any other relief the Court may deem just and proper.

///
///
///
///

CLASS ACTION COMPLAINT

1

## **TRIAL BY JURY**

2

PLAINTIFF hereby demands a jury trial on all issues so triable.

3

4   Dated: January 8, 2014                    Respectfully Submitted

5                                                        By: _____

6

7                                                        Abbas Kazerounian, Esq.
                                                         **KAZEROUNI LAW GROUP, APC**
8                                                        *Attorney for Plaintiff*

9

10  TODD M. FRIEDMAN, Cal. Bar No. 216752

11  tfriedman@attorneysforconsumers.com
    NICHOLAS J. BONTRAGER, Cal. Bar No. 252114

12  nbontrager@attorneysforconsumers.com
    SUREN N. WEERASURIYA, Cal. Bar No 278521

13  sweerasuriya@attorneysforconsumers.com

14  **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
    369 S. Doheny Drive, Suite 415

15  Beverly Hills, California 90211
    Telephone: (877) 206-4741

16
    Facsimile: (866) 633-0228

17

18  **HYDE & SWIGART**

19  Joshua B. Swigart, Esq. (SBN: 225557)
    josh@westcoastlitigation.com

20  411 Camino Del Rio South, Suite 301
    San Diego, CA 92108

21  Telephone: (619) 233-7770

22  Facsimile: (619) 297-1022

23

24

25

26

27

28

17

CLASS ACTION COMPLAINT

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| AYMAN MOUSA, on behalf of himself and all others similarly situated | TARGET CORPORATION |

| (b) County of Residence of First Listed Plaintiff   Orange | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| (c) Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.<br>KAZEROUNI LAW GROUP, APC<br>245 Fischer Avenue, Suide D1<br>Costa Mesa, CA 92626<br>Phone: (800)400-6808 | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒Yes ☐No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 5,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Jurisdiction is proper under 28 U.S.C. § 1332(d)(2)

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

SACV14-00037 DOC (ANx)

| FOR OFFICE USE ONLY: | Case Number: | |
|---|---|---|
| CV-71 (11/13) | CIVIL COVER SHEET | Page 1 of 3 |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles | Western |
| If "no, " go to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? <br> Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? <br> Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| ☐ Yes  ☒ No | ☐ Los Angeles | ☐ Los Angeles | Western |
| If "no," go to Question C.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

**C.1.  Is either of the following true?  If so, check the one that applies:**

☐ 2 or more answers in Column C

☒ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D,  below.

If none applies, answer question C2 to the right.  ➡

**C.2.  Is either of the following true?  If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D,  below.

If none applies, go to the box below.  ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above:  ➡ | SOUTHERN DIVISION |

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X.  SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**                                    DATE: January 08, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____David O. Carter_____ and the assigned Magistrate Judge is _____Arthur Nakazato_____ .

The case number on all documents filed with the Court should read as follows:

## SACV14-00037 DOC (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____January 9, 2014_____
Date

By _____Lori Wagers_____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☐ Western Division | ☒ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)                    NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES